Kaye, J.
(dissenting). The issue presented in this case is the one we explicitly left open in Sailor, where the Court wrote that it was "unnecessary to decide in this appeal whether the prosecution may conduct more than one persistent felony offender or second offender hearing in the same sentencing proceeding after failing to prove the underlying convictions or conviction.” (People v Sailor, 65 NY2d 224, 236, cert denied 474 US 982.)
The second felony offender hearing in Sailor followed a persistent felony offender hearing, and this Court emphasized the wide discretion afforded the Judge at the persistent felony offender hearing in rejecting defendant’s double jeopardy challenge (65 NY2d, at 234). Such discretion is not afforded the Judge in the second felony offender hearing. If the prosecution proves beyond a reasonable doubt that defendant is a second felony offender, the Judge must impose the appropriate enhanced sentence (compare, CPL 400.20 [10], with CPL 400.21 [4], [7]; see also, Sailor v Scully, 836 F2d 118, 125). In addition, because of the standard of proof at the second felony offender hearing — beyond a reasonable doubt — the procedure resembles a trial (see, Arizona v Rumsey, 467 US 203, 212). By contrast, at a persistent felony offender hearing, matters relating to a defendant’s history and character, and the nature and circumstances of his criminal conduct, need only be established by a preponderance of the evidence (CPL 400.20 [5]). Thus, the issue raised in this case is not controlled by our decision in Sailor. The Court’s holding today enlarges Sailor.
Even apart from what I see as a constitutional infirmity, statutory law seems to prohibit the procedure here. CPL 400.21 (2) provides that "[w]hen information available to the court or to the people prior to sentencing for a felony indicates that the defendant may have previously been subjected to a predicate felony conviction, a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate felony conviction” (emphasis added). Although this argument was not raised by defendant prior to sentencing, this language suggests that as a matter of statutory law, the prosecution should not be allowed repeated predicate felony offender hearings when it is aware of all prior crimes at the time of the original proceeding (see, Bullington v Missouri, 451 US 430, 445).
*935 I would reverse and remit for resentencing.
Order affirmed, etc.